UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9975 MRW | Date | February 18, 2016 |
|---|---|---|---|
| Title | Breyman v. Canon Solutions America | | |

Present: The Honorable Michael R. Wilner

| Veronica McKamie | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff / Petitioner: | Attorneys Present for Defendant / Respondent: |
|---|---|
| None present | None present |

**Proceedings:** ORDER GRANTING DISMISSAL MOTION AND DENYING REMAND MOTION

The Court conducted a hearing on the defense dismissal motion (Docket # 9) and Plaintiff's motion to remand the action to the state superior court. (Docket # 18.) For the reasons stated at the hearing and set forth below, the Court orders that:

- the proposed First Amended Complaint (Docket # 19) be FILED in the action;

- the motion to dismiss the individual defendant (Ms. McDonald) and the intentional infliction of emotional distress (IIED) claims be GRANTED; and

- the request to remand the action be DENIED.

Defendant will answer the amended complaint within two weeks.

\* \* \*

**Factual and Procedural Background**

This is an employment discrimination case. Plaintiff claims that his former employer, Canon Solutions America, unlawfully terminated his employment in violation of several provisions of California's Fair Employment and Housing Act (FEHA) and other aspects of state law. Additionally, Plaintiff claims that Defendant McDonald, a Canon human resources specialist is liable for IIED and harassment.[1]

---

[1] Plaintiff voluntarily dismissed other Canon corporate entities earlier in the action; they are not named in the amended complaint. (Docket # 8, 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9975 MRW | Date | February 18, 2016 |
|---|---|---|---|
| Title | Breyman v. Canon Solutions America | | |

Breyman filed this action in state court. The defense subsequently removed the action to federal court. The basis for removal was diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff is a California resident. Canon's headquarters and principal place of business is in New York. Plaintiff contends that he set forth viable claims against McDonald (a California resident). He argues that the action should be remanded to state court because McDonald's involvement destroys federal diversity of citizenship jurisdiction. Canon contends that this case is properly in federal court because Plaintiff "fraudulently joined" McDonald for the purpose of defeating diversity jurisdiction.

Plaintiff claims that McDonald and Canon are liable for IIED for "singling [him] out for discriminatory treatment based on his disability, retaliating against him for requesting reasonable accommodations, and by concealing the deadline for [him] to return to work[.]" (Docket # 1-1 at 17.) In the First Amended Complaint, Plaintiff makes the same claim against McDonald specifically, and adds her failure to "engage in the interactive process" as an additional basis for the claim. (Docket # 19-1 at 8.) Plaintiff also contends that McDonald is liable for harassment under FEHA based on this conduct. Additionally, Plaintiff's pleadings state that McDonald's illegal activities included post-termination communications in which McDonald "falsely [told] Breyman that he was not terminated" and withheld other work-related information from him. (Docket # 19-1 at 9, 14.)

### Relevant Federal and State Law

Pursuant to 28 U.S.C. § 1332, a district court has jurisdiction over a civil action where the matter in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. A civil action brought in state court may be removed to a federal district court where such an action could have originally been brought. 28 U.S.C. § 1441. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944 (9th Cir. 2009) (citation omitted). There is a "strong presumption against removal jurisdiction"; a court must remand an action "if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and internal quotation omitted).

A well-established exception to the requirement of complete diversity is "where a non-diverse defendant has been 'fraudulently joined.'" Hunter v. Phillip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotation omitted). Fraudulent joinder occurs if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9975 MRW | Date | February 18, 2016 |
|---|---|---|---|
| Title | Breyman v. Canon Solutions America | | |

settled rules of the state." Morris, 236 F.3d at 1067. If a party has been fraudulently joined, the court may ignore the presence of the "sham party" for the purpose of determining the existence of diversity. Hunter, 582 F.3d at 1043. Deciding whether a defendant is fraudulently joined requires a court to "walk a very fine line: it must consider the merits of a matter without assuming jurisdiction over it." Davis v. Prentiss Props. Ltd., 66 F. Supp. 2d 1112, 1114 (C.D. Cal. 1999). There is a "general presumption against fraudulent joinder" in addition to "the strong presumption against removal jurisdiction." Hunter, 582 F.3d at 1046.

When a removing defendant alleges fraudulent joinder, the court will look beyond the pleadings. Ritchey v. Upjohn Drug. Co., 139 F.3d 1313, 1318 (9th Cir. 1998). The defendant seeking removal "is entitled to present the facts showing the joinder to be fraudulent." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). However, because doubts weigh against removal, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor." Gomez v. Mirada Hills Rehabilitation, No. CV 15-8877 MWF (JEM), 2016 WL 370692 at * 2 (C.D. Cal. 2016) (citations omitted). A court may deny remand when it is apparent that the plaintiff cannot cure the complaint's defects by further amendment. Johnson v. Wells Fargo & Co., No. CV 14-6708 MMM (JCX), 2014 WL 6475128 at *8 (C.D. Cal. 2014).

FEHA prohibits harassment of an employee. Cal. Gov't Code § 12940(j)(1). To establish a claim for harassment, a plaintiff must demonstrate that: (1) he is a member of a protected group; (2) he was subjected to harassment because he belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment. Lawler v. Montblanc North America, LLC, 704 F.3d 1235, 1244 (9th Cir. 2013) (citing Aguilar v. Avis Rent A Car Sys., Inc., 21 Cal. 4th 121, 130-31 (1999)). The plaintiff must show a "concerted pattern of harassment of a repeated, routine or a generalized nature." Id.

Harassment under FEHA "consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management." Reno v. Baird, 18 Cal.4th 640, 647 (1998). "[C]ommonly necessary personnel management actions such as hiring and firing, job or project assignments[,] promotion or demotion, [and] performance evaluations[,] do not come within the meaning of harassment." Janken v. GM Hughes Electronics, 46 Cal. App. 4th 55, 64-65(1996).

A claim for IIED has four elements: (1) extreme and outrageous conduct; (2) intention to cause, or reckless disregard of the probability of causing, emotional distress; (3) severe emotional suffering; and (4) actual and proximate causation of emotional distress. Cole v. Fair

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9975 MRW | Date | February 18, 2016 |
|---|---|---|---|
| Title | Breyman v. Canon Solutions America | | |

Oaks Fire Protection Dist., 43 Cal. 3d 148, 155 (1987) (footnote omitted). The first factor (relevant to the pending dispute) requires pleading and proof of conduct that is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Cervantez v. J.C. Penny Co., 24 Cal. 3d 579, 593 (1979) (superseded by statute on other grounds). A defendant's conduct is "outrageous" when it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Wexler v. Jensen Pharmaceuticals, Inc., No. CV 15-3518 AB (AJWx), 2015 WL 6159101 at *6 (C.D. Cal. 2015) (citation and quotations omitted). In California, an employee cannot maintain a claim for IIED against a supervisor based on allegations of personnel management decisions. Janken, 46 Cal. App. 4th at 80.

Numerous federal courts have applied Janken and its progeny to foreclose claims for IIED and FEHA harassment when the conduct of a supervisor or other employee falls within his or her managerial role. See Gomez, 2016 WL 370692 at * 3 (collecting cases); Velente-Hook v. E. Plumas Health Care, 368 F. Supp. 2d 1084, 1103 (E.D. Cal. 2005); Gonzales v. City of Martinez, 638 F. Supp. 2d 1147, 1161 (N.D. Cal. 2009); Gardner v. City of Berkeley, 838 F. Supp. 2d 910, 926 (N.D. Cal. 2012). "If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination." Wexler, 2015 WL 6159101 at *6.

**Discussion**

Plaintiff's original and amended complaints fail to plead facts which, if true, constitute claims of FEHA harassment against the individual defendant or IIED against any party. The Court closely read Plaintiff's allegations of misconduct against Ms. McDonald. The Court finds little to distinguish Plaintiff's claims against McDonald from those that other federal courts have found insufficient to state a cause of action under FEHA. See Gomez, 2016 WL 370692 at *3; Wexler, 2015 WL 6159101 at *6. Those allegations (communications about employment status, request for accommodations, withholding information about his impending discharge) fall squarely within the sphere of personnel management acts. Janken, 46 Cal. App. 4th at 65. Further, even when taken with every inference in favor of Plaintiff, his complaints fail to put forth facts that are so extreme, outrageous, or uncivilized that they adequately plead an IIED cause of action.

The Court concludes that Plaintiff has not pled – and cannot plead – a legitimate cause of action against Ms. McDonald. Based on the events outlined in the two iterations of the complaint – including the version filed in the case after Defendant noted the sham joinder issue in its removal notice – it is clear that Plaintiff cannot properly amend the pleading further to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9975 MRW | Date | February 18, 2016 |
|---|---|---|---|
| Title | Breyman v. Canon Solutions America | | |

state facts sufficient to support a legitimate claim against her. Johnson, 2014 WL 6475128 at *8; Gomez, 2016 WL 370692 at *2. And, based on the unique circumstances here (two separate complaints, minimal allegations against HR specialist, failure to properly serve the individual defendant before removal), it is apparent that Plaintiff named her in an effort to defeat diversity jurisdiction against his former employer. Morris, 236 F.3d at 1067. The Court finds that Defendant Canon met its heavy burden of establishing that Ms. McDonald is effectively a "sham" party who should be dismissed from the action. Hunter, 582 F.3d at 1043.

      The remedy is to dismiss the individual defendant from the action for failure to state a claim. In the absence of that party, there is complete diversity of citizenship between Plaintiff and Canon. That establishes federal jurisdiction; remand to the state court is not warranted. Defendant is directed to answer the First Amended Complaint without regard to the claims against Ms. McDonald or the IIED claim as to any party.